**ADANTE D. POINTER, ESQ., 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Suite 1140,
Oakland, CA 94612
Tel: 510-929-5400
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLANCA MENDOZA, an individual; B.M., minor by and through his guardian ad litem JESSICA GARCIA;<br><br>Plaintiffs,<br>v.<br><br>COUNTY OF KINGS, a municipal corporation; TAYLOR LOPES, in his individual capacity and as a sheriff deputy for the COUNTY OF KINGS; A. RIVERA, in his individual capacity and as a sheriff deputy for the COUNTY OF KINGS; TR. AUGUSTUS, in his individual capacity and as a sheriff deputy for the COUNTY OF KINGS; KEVIN KURTZ, in his individual capacity and as a sheriff deputy for the COUNTY OF KINGS; JOSE GARCIA, in his individual capacity and as a sheriff deputy for the COUNTY OF KINGS; F. AVALOS, in his individual capacity and as a sheriff deputy for the COUNTY OF KINGS; BLAKE BURSIAGA, in his individual capacity and as a sheriff deputy for the COUNTY OF KINGS; CO. DOBBINS, in his individual capacity and as a sheriff deputy for the COUNTY OF KINGS; TIM STEADMAN, in his individual capacity and as a sheriff deputy for the COUNTY OF KINGS; N. HUNT, in his individual capacity and as a sheriff deputy for the COUNTY OF KINGS;<br> and DOES 1-50, inclusive.<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C § 1983)<br><br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. On the afternoon of May 1, 2020, Plaintiff Blanca Mendoza, and minor B.M. were lawfully in their home when Kings County Sheriff's deputies arrived at their house. Kings County Sheriff deputies claimed they had a search warrant for any weapons that may be in the house. When Plaintiff Mendoza requested that she be shown the warrant, as she is entitled to, Kings County Sheriff's refused to provide or show the warrant to Plaintiff. Instead, Defendant deputies commanded Ms. Mendoza out of her home, then forcefully entered the home and seized her.

2. Defendant Avalos grabbed and struck Ms. Mendoza in the head then threw her to the ground. Defendant deputies threatened to taze Ms. Mendoza if she kept moving, while she laid on the ground crying with a deputy positioned on top of her with his knee in her back. Fearing for his mother's life, Ms. Mendoza's son, minor B.M., tried to help her. B.M. was then grabbed and thrown to the ground by the deputies. While B.M. was lying on the ground the deputies, began hitting him on his head and dragging him around the room. Plaintiff Mendoza became scared for her son told the deputies that B.M. was just a child and begged for them to stop hurting him - but deputies continued to needlessly beat him.

3. Shortly after, Plaintiff Mendoza began convulsing and seizuring. Paramedics were called to assist her. When Ms. Mendoza was being cared for by paramedics, deputies warned Ms. Mendoza that if she left with the paramedics her son, B.M., would be taken into custody. Without any other choice Ms. Mendoza was forced to tell the paramedics she would not need treatment in order to protect her son from being arrested. As Ms. Mendoza walked back from the ambulance, she noticed B.M. was already in the sheriff vehicle and the deputies had lied. Ms. Mendoza questioned the deputies since she was told he would not be taken into custody in

exchange for not being transported to the hospital. Shockingly, Defendant deputies told Ms. Mendoza that he was arrested for hitting a deputy – a charge that was later dismissed.

4. During the search, Defendant deputies broke all of the security cameras installed on the property. When Ms. Mendoza attempted to record with her phone, Deputies seized the phone from her.

5. As a result of the excessive force used by King County Sheriffs' Deputies, Plaintiffs Mendoza and her son, minor B.M., suffered serious physical injuries as well as suffered emotional distress, pain, suffering and humiliation.

## JURISDICTION

6. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City of Corcoran, in Kings County, California, which is within this judicial district.

## PARTIES

7. Plaintiff BLANCA MENDOZA (hereinafter "Plaintiff MENDOZA") is a competent adult, a resident of Corcoran, California, and a citizen of the United States. Plaintiff is the biological mother of minor B.M.

8. Plaintiff B.M. (hereinafter "B.M.") is a minor and brings this suit by and thru guardian ad litem, JESSICA GARCIA. B.M. is the biological child of Plaintiff BLANCA MENDOZA.

9. TAYLOR LOPES, (hereinafter "Defendant") was and at all times mentioned herein is a sheriff deputy for the Kings County Sheriff's Department and COUNTY OF KINGS, and is sued in his individual capacity.

10. A. RIVERA, (hereinafter "Defendant") was and at all times mentioned herein is a sheriff deputy for the Kings County Sheriff's Department and COUNTY OF KINGS, and is sued in his individual capacity.

11. TR. AUGUSTUS, (hereinafter "Defendant") was and at all times mentioned herein is a sheriff deputy for the Kings County Sheriff's Department and COUNTY OF KINGS, and is sued in his individual capacity.

12. KEVIN KURTZ, (hereinafter "Defendant") was and at all times mentioned herein is a sheriff deputy for the Kings County Sheriff's Department and COUNTY OF KINGS, and is sued in his individual capacity.

13. JOSE GARCIA, (hereinafter "Defendant") was and at all times mentioned herein is a sheriff deputy for the Kings County Sheriff's Department and COUNTY OF KINGS, and is sued in his individual capacity.

14. F. AVALOS, (hereinafter "Defendant") was and at all times mentioned herein is a sheriff deputy for the Kings County Sheriff's Department and COUNTY OF KINGS, and is sued in his individual capacity.

15. BLAKE BURSIAGA, (hereinafter "Defendant") was and at all times mentioned herein is a sheriff deputy for the Kings County Sheriff's Department and COUNTY OF KINGS, and is sued in his individual capacity.

16. CO. DOBBINS, (hereinafter "Defendant") was and at all times mentioned herein is a sheriff deputy for the Kings County Sheriff's Department and COUNTY OF KINGS, and is sued in his individual capacity.

17. TIM STEADMAN, (hereinafter "Defendant") was and at all times mentioned herein is a sheriff deputy for the Kings County Sheriff's Department and COUNTY OF KINGS, and is sued in his individual capacity.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140, Oakland, CA 94612
Tel: (510) 929 - 5400

18. N. HUNT, (hereinafter "Defendant") was and at all times mentioned herein is a sheriff deputy for the Kings County Sheriff's Department and COUNTY OF KINGS, and is sued in his individual capacity.

19. Defendant COUNTY OF KINGS (hereinafter "COUNTY") is a municipal public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant COUNTY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Kings County Sheriff Department and its tactics, methods, practices, customs, and usage. At all relevant times, Defendant COUNTY was the employer of Defendants LOPES, RIVERA, AUGUSTUS, KURTZ, GARCIA, AVALOS, BURSIAGA, DOBBINS, STEADMAN, HUNT, and DOES 1-25, individually and as peace deputies.

20. Plaintiffs are ignorant of the true names and capacities of those Defendants named herein as DOES 1 through 25, inclusive. Plaintiffs will amend this Complaint to allege said Defendants true names and capacities when that information becomes known to Plaintiffs. Plaintiffs are informed and believes, and thereon alleges that DOES 1 through 25, inclusive, are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, or willful misconduct, including the negligent, careless, deliberately indifferent, intentional, willful misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiffs will seek to amend this Complaint to set forth said true names and identities of DOES 1 through 25, inclusive, when they have been ascertained.

21. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 26 through 50, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs are

informed and believe and thereon allege that each Defendant so named was employed by Defendant COUNTY at the time of the conduct alleged herein. Plaintiffs allege that each of Defendants DOES 26 through 50 were responsible for the training, supervision and/or conduct of the sheriff deputies and/or agents involved in the conduct alleged herein. Plaintiffs allege that each of Defendants DOES 26 through 50 was also responsible for and caused the acts and injuries alleged herein. Plaintiffs will amend this Complaint to state the names and capacities of DOES 26 through 50, inclusive, when they have been ascertained.

22. In doing the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment for the COUNTY OF KINGS.

23. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

24. Due to the acts and/or omissions alleged herein, Defendants, and each of them, act as the agent, servant, and employee and/or concert with each of said other Defendants herein.

25. Plaintiffs filed a timely government tort claim and the COUNTY OF KINGS rejected the claim by operation of law.

## FACTUAL ALLEGATIONS

26. On the afternoon of May 1, 2020, Plaintiff Blanca Mendoza, and minor B.M. were lawfully in their home when Kings County Sheriff's showed up. Kings County Sheriff Defendant deputies' claimed they had a search warrant for any weapons that may be in the house. When Plaintiff Mendoza requested that she be shown the warrant Defendants refused to provide or show the warrant to Plaintiff. Deputies forcefully entered the home and seized her.

27. Defendant deputies struck Plaintiff MENDOZA in the head and threw her to the ground. Defendants threatened to taze Ms. MENDOZA if she kept moving, while Ms. MENDOZA lay on the ground crying with a Defendant deputy positioned on top of her with

their knee in her back. When Plaintiff B.M. saw what was happening to his mother and tried to help her, B.M. was thrown to the ground by the Defendant deputies. While Plaintiff B.M. was lying on the ground defenseless, Defendant deputies began hitting him in the head and dragging him around the room. Plaintiff MENDOZA repeatedly informed the deputies that B.M. was a child and begged for them to stop but Defendant deputies continued to beat him.

28. Plaintiff MENDOZA began convulsing and Paramedics were called to assist her. When Ms. MENDOZA was being cared for, Defendant deputies warned Ms. MENDOZA that if she left with the paramedics her son, B.M., would be taken into custody. Ms. Mendoza agreed not to have medical treatment in exchange for her son not being arrest, but as Ms. MENDOZA walked back from the ambulance she noticed B.M. was in the sheriff vehicle and against had already been arrested. Deputies told Ms. MENDOZA that he was arrested for allegedly hitting a deputy. The criminal charge was later dismissed.

29. During the search, Deputies broke all of the security cameras installed on the property. When Ms. MENDOZA attempted to record with her phone, Defendant deputies seized the phone from her.

30. Plaintiffs submitted requests for the video footage and police reports but Defendant County refused to disclose them.

**DAMAGES**

31. As a consequence of Defendants' violations of Plaintiffs' federal civil rights under 42 U.S.C. §1983 and the Fourth Amendment, Plaintiffs were physically, mentally, emotionally, and financially injured and damaged as a proximate result of Defendants' wrongful conduct.

32. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing parties in this action under 42

U.S.C. §§ 1983 and 1988. Plaintiffs are also entitled to punitive damages under 42 U.S.C. §§ 1983 and 1988.

## CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**(Fourth Amendment – Excessive Force under 42 U.S.C. Section 1983)**
*(PLAINTIFFS against LOPES, RIVERA, AUGUSTUS, KURTZ, GARCIA, AVALOS, BURSIAGA, DOBBINS, STEADMAN, HUNT, and DOES 1-25)*

33. Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

34. When Plaintiff BLANCA MENDOZA was, grabbed, assaulted, knocked to the ground, detained, and handcuffed, the Deputies did so without justification. Plaintiff neither posed a threat nor committed a crime. Instead, Plaintiff was asking deputies for the warrant and reason for their presence at her legal residence. Therefore, the use of any force, including grabbing, throwing her to the ground, physical ejection, and handcuffing, was unlawful and excessive.

35. When minor Plaintiff B.M. was thrown to the ground, grabbed, knocked to the ground, kicked, beaten, and arrested, the Deputies did so without justification. Therefore, the use of any force, including kicking, throwing her to the ground, beating, and handcuffing, was unlawful and excessive.

36. The Defendant Deputies' conduct towards each plaintiff was excessive and unreasonable, which violated both their training and Plaintiffs' constitutional rights under the Fourth Amendment.

37. As a result of their misconduct, Defendants are liable for Plaintiffs' injuries.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(Fourth Amendment – Unlawful Detention/Arrest under 42 U.S.C. Section 1983)**
*(PLAINTIFFS against LOPES, RIVERA, AUGUSTUS, KURTZ, GARCIA, AVALOS, BURSIAGA, DOBBINS, STEADMAN, HUNT, and DOES 1-25)*

38. Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

39. When Plaintiff BLANCA MENDOZA was, grabbed, detained, and handcuffed, the Deputies did so without justification.

40. When minor Plaintiff B.M. was, grabbed and arrested, the Deputies did so without justification. Deputies had no reasonable suspicion and/or probable cause, and issued no lawful warnings and/or instructions.

41. When Defendants seized then kicked Plaintiff B.M. they had no reasonable suspicion and/or probable cause, and issued no lawful warnings and/or instructions.

42. Additionally, when Defendants proceeded to arrest Plaintiff B.M and MENDOZA, they had no reasonable suspicion and/or probable cause to make the arrest, and again, issued no lawful warnings and/or instructions.

43. Furthermore, Plaintiff had not committed any crimes. Therefore, Defendants' use of force, detention and arrest of Plaintiff was an unlawful seizure that violated both his training and Plaintiffs' constitutional rights under the Fourth Amendment.

44. As a result of their misconduct, Defendants are liable for Plaintiffs' injuries and imprisonment.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
### (Violation of the Bane Act (Cal. Civ. Code § 52.1))
*(PLAINTIFFS against DEFENDANTS COUNTY OF KINGS, LOPES, RIVERA, AUGUSTUS, KURTZ, GARCIA, AVALOS, BURSIAGA, DOBBINS, STEADMAN, HUNT, and DOES 1-25)*

45. Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

46. Plaintiffs bring this "Bane Act" claim individually for direct violation of their own rights.

47. By their conduct described herein, Defendants and Does 1-50, acting in concert/conspiracy, as described above, violated each Plaintiffs' rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

    a. Plaintiffs' right to be free from unreasonable searches and seizures as secured by the Fourth Amendment to the United States Constitution and by Article I, § 13 of the California Constitution;

    b. Plaintiffs' right to be free from excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution;

    c. Plaintiffs' right to assemble and to free speech as secured by the First Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution;

48. Excessive force, which violates the Fourth Amendment, also violates the Bane Act. Defendants' use of unlawful force against Plaintiffs, in and of itself, satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.

49. Further, any volitional violation of rights done with reckless disregard for those rights also satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act. All of Defendants' violations of duties and rights were volitional, intentional acts, done with reckless disregard for Plaintiffs' rights; none was accidental or merely negligent.

50. Alternatively, Defendants violated each Plaintiffs' rights by the following conduct constituting threat, intimidation, or coercion that was above and beyond any lawful seizure or use of force:

d. Threatening Plaintiff in the absence of any threat presented by Plaintiff or any justification whatsoever;

   e. Using deliberately reckless and provocative tactics to apprehend Plaintiff in violation of generally accepted law enforcement training and standards, and in violation of Plaintiff's rights;

   f. Defendant striking and/or physically accosting Plaintiff in the absence of any threat or need for such force;

   g. Threatening violence against Plaintiff, with the apparent ability to carry out such threats, in violation of Civ. Code § 52.1(j);

   h. Using excessive, unreasonable and unjustified force against Plaintiff while they attempted to comply with the deputies;

   i. Failing to intervene to stop, prevent, or report the unlawful seizure and use of excessive and unreasonable force by other deputies;

   j. Violating multiple rights of Plaintiff;

   k. Arresting Plaintiff for no reason.

51. Defendant *COUNTY OF KINGS* is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

52. As a direct and proximate result of Defendants violations of California Civil Code §52.1 and of Plaintiffs' rights under the United States and California Constitutions, Plaintiffs sustained injuries and damages, and against all Defendants and are entitled to relief as set forth above, including punitive damages against Defendants and Does 1-50, and including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys fees, treble damages, and civil penalties.

**FIFTH CAUSE OF ACTION**
**(Battery – Violation of CALIFORNIA PENAL CODE § 242)**

*(PLAINTIFFS against DEFENDANTS COUNTY OF KINGS, LOPES, RIVERA, AUGUSTUS, KURTZ, GARCIA, AVALOS, BURSIAGA, DOBBINS, STEADMAN, HUNT, and DOES 1-25)*

53. Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

54. Defendant, while working as an employee for the Defendant *COUNTY OF KINGS* sheriff's department, and acting within the course and scope of their duties, intentionally injured Plaintiffs without a lawful basis.

55. As a result of the actions of the Defendant, Plaintiffs suffered physical injury. Defendant and Does did not have legal justification for using force against Plaintiffs, and Defendants' use of force while carrying out his duties was an unreasonable use of force.

56. Defendant *COUNTY OF KINGS* is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

57. As a direct and proximate result of Defendants' battery of Plaintiffs, Plaintiffs sustained injury and damages, and are entitled to relief as set forth above.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
### (False Imprisonment/Illegal Detention)
*(PLAINTIFFS against DEFENDANTS COUNTY OF KINGS, LOPES, RIVERA, AUGUSTUS, KURTZ, GARCIA, AVALOS, BURSIAGA, DOBBINS, STEADMAN, HUNT, and DOES 1-25)*

58. Plaintiffs hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

59. Defendants and DOES 1-25 detained and assaulted each Plaintiff without just cause and under false pretenses. Defendants restrained, detained, and/or confined Plaintiffs without their consent or a lawful basis for a significant period of time.

60. As a result of the Defendants and Does 1-50 unlawful confinement, Plaintiffs suffered emotional distress and physical injury.

61. Defendant *COUNTY OF KINGS* is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
### (False Arrest)
*(PLAINTIFFS against DEFENDANTS COUNTY OF KINGS, and DOES 1-25)*

62. Plaintiffs hereby re-allege and incorporates by reference each and every paragraph of this Complaint.

63. Defendant Does, while working as employees for the *COUNTY OF KINGS* sheriff's department, and acting within the course and scope of their duties, falsely arrested Plaintiffs B.M and LAZARO without any reasonable suspicion and/or probable cause.

64. As a result of the actions of these Defendants, Plaintiffs suffered physical injuries and/or emotional distress. Defendants did not have legal justification for using force, arresting and/or detaining.

65. Defendant *COUNTY OF KINGS* is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

### JURY DEMAND

66. Plaintiffs hereby demand a jury trial in this action.

### PRAYER

Wherefore, Plaintiffs pray for relief, as follows:

1. For general damages in a sum according to proof;

2. For special damages in a sum according to proof;

3. For punitive damages against DOES 1-50;

4. All other damages, penalties, costs, interest, and attorney fees as allowed by 42 U.S.C. §§ 1983 and 1988, Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law against Defendant *COUNTY OF KINGS* and its employees.

5. For cost of suit herein incurred; and

6. For such other and further relief as the Court deems just and proper.

Date: May 3, 2021                                     Respectfully submitted,

**POINTER & BUELNA, LLP**
**LAWYERS FOR THE PEOPLE**

/s/ Patrick Buelna
PATRICK M. BUELNA
ADANTE D. POINTER
COUNSEL FOR PLAINTIFF