James J. Arendt, Esq.   Bar No. 142937
Ashley N. Reyes, Esq.   Bar No. 312120

WEAKLEY & ARENDT
A Professional Corporation
5200 N. Palm Avenue, Suite 211
Fresno, California 93704
Telephone: (559) 221-5256
Facsimile:  (559) 221-5262
James@walaw-fresno.com
Ashley@walaw-fresno.com

Attorneys for Defendants County of Kings, Taylor Lopes, Blake Bursiaga, Tim Steadman, Cory Dobbins, and Nate Hunt

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLANCA MENDOZA, an individual; B.M., minor by and through his guardian ad litem JESSICA GARCIA,<br><br>  Plaintiffs,<br><br>vs.<br><br>COUNTY OF KINGS, a municipal corporation; TAYLOR LOPES, in his individual capacity and as a sheriff deputy for the COUNTY OF KINGS; A. RIVERA, in his individual capacity and as a sheriff deputy for the COUNTY OF KINGS; TR. AUGUSTUS, in his individual capacity and as a sheriff deputy for the COUNTY OF KINGS; KEVIN KURTZ, in his individual capacity and as a sheriff deputy for the COUNTY OF KINGS; JOSE GARCIA, in his individual capacity and as a sheriff deputy for the COUNTY OF KINGS; F. AVALOS, in his individual capacity and as a sheriff deputy for the COUNTY OF KINGS; BLAKE BURSIAGA, in his individual capacity and as a sheriff deputy for the COUNTY OF KINGS; CO. DOBBINS, in his individual capacity and as a sheriff deputy for the COUNTY OF KINGS; TIM STEADMAN, in his individual capacity and as a sheriff deputy for the COUNTY OF KINGS; N. HUNT, in his individual capacity and as a sheriff | CASE NO. 1:21-CV-00721-NONE-BAM<br><br>**DEFENDANTS COUNTY OF KINGS, AND DEPUTIES TAYLOR LOPES, BLAKE BURSIAGA, TIM STEADMAN, CORY DOBBINS, AND NATE HUNT'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES**<br><br><br>Complaint Filed:  05/03/2021<br>Trial Date:          TBD<br><br>**Public Entity Exempt from Filing Fees Pursuant to Government Code Section 6103** |

---

Defendants' Answer to Plaintiffs' Complaint

deputy for the COUNTY OF KINGS; and )
DOES 1-50, inclusive,                                )
                                                                )
         Defendants.                                    )

Defendants, County of Kings, Deputy Taylor Lopes, Deputy Blake Bursiaga, Deputy Cory Dobbins, Deputy Tim Steadman, and Deputy Nate Hunt, employees of the Kings County Sheriff's Office ("collectively "County Defendants"), respond to Plaintiffs' Complaint as follows:

## I. INTRODUCTION

1. County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations included in Paragraph 1, and on that basis denies them.

2. County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations included in Paragraph 2, and on that basis denies them.

3. County Defendants admit that emergency medical services were called.

County Defendants deny they told Plaintiff Mendoza that if she left with paramedics her son B.M., would be taken into custody.

County Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations included in Paragraph 3, and on that basis denies them.

4. County Defendants deny that they broke all of the security cameras installed on the property.

County Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations included in Paragraph 4, and on that basis denies them.

5. County Defendants deny that excessive force was used against Plaintiffs.

County Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations included in Paragraph 5, and on that basis denies them.

## II. JURISDICTION

6. The allegations contained in Paragraph 6 include legal conclusions to which no answer is required. To the extent an answer is required County Defendants admit that this Court has jurisdiction over this matter.

Defendants' Answer to Plaintiffs' Complaint                    2

County Defendants deny they committed any unlawful acts as alleged.

## III. PARTIES

7. County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations included in Paragraph 7, and on that basis denies them.

8. County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations included in Paragraph 8, and on that basis denies them.

9. County Defendants admit Taylor Lopes was and at all times mentioned a deputy for the Kings County Sheriff's Office. The remaining allegations contain legal conclusions to which no answer is required.

10. County Defendants deny the allegations contained in paragraph 10.

11. County Defendants deny the allegations contained in paragraph 11.

12. County Defendants deny the allegations contained in paragraph 12.

13. County Defendants deny the allegations contained in paragraph 13.

14. County Defendants deny the allegations contained in paragraph 14.

15. County Defendants admit Blake Bursiaga was and at all times mentioned a deputy for the Kings County Sheriff's Office. The remaining allegations contain legal conclusions to which no answer is required.

16. County Defendants admit Cory Dobbins was and at all times mentioned a deputy for the Kings County Sheriff's Office. The remaining allegations contain legal conclusions to which no answer is required.

17. County Defendants admit Tim Steadman was and at all times mentioned a deputy for the Kings County Sheriff's Office. The remaining allegations contain legal conclusions to which no answer is required.

18. County Defendants admit Nate Hunt was and at all times mentioned a deputy for the Kings County Sheriff's Office. The remaining allegations contain legal conclusions to which no answer is required.

19. County Defendants admit that the County of Kings is a public entity. County Defendants also admit that it was the employer of Defendants Lopes, Bursiaga, Dobbins, Steadman,

and Hunt.

County Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations included in paragraph 19, and on that basis denies them.

20. County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations included in Paragraph 20, and on that basis denies them.

21. County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations included in Paragraph 21, and on that basis denies them.

22. County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations included in Paragraph 22, and on that basis denies them.

23. County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations included in Paragraph 23, and on that basis denies them.

24. County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations included in Paragraph 24, and on that basis denies them.

25. County Defendants deny that Plaintiffs' filed a timely government tort claim.

County Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations included in Paragraph 25, and on that basis denies them.

### IV. FACTUAL ALLEGATIONS

26. County Defendants admit they had a search warrant for any weapons that may be in the house.

County Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations included in Paragraph 26, and on that basis denies them.

27. County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations included in Paragraph 27, and on that basis denies them.

28. County Defendants admit that emergency medical services were called.

County Defendants deny they told Plaintiff Mendoza that if she left with paramedics her son B.M., would be taken into custody.

County Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations included in Paragraph 28, and on that basis denies them.

29. County Defendants deny that they broke all the security cameras installed on the property.

County Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations included in Paragraph 29, and on that basis denies them.

30. County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations included in Paragraph 30, and on that basis denies them.

**V. DAMAGES**

31. County Defendants deny they violated Plaintiffs' federal civil rights or engaged in wrongful conduct.

County Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations included in Paragraph 31, and on that basis denies them.

32. County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations included in Paragraph 32, and on that basis denies them.

**VI. CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**(Fourth Amendment - Excessive Force under 42 U.S.C. Section 1983)**

33. County Defendants refer to and incorporate by reference each and every response set forth above in paragraphs 1-32.

34. County Defendants deny they used any unlawful force against Plaintiff Mendoza.

County Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations included in Paragraph 34, and on that basis denies them.

35. County Defendants deny they used any unlawful force against Plaintiff B.M.

County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations included in Paragraph 35, and on that basis denies them.

36. County Defendants deny the allegations included in Paragraph 36.

37. County Defendants deny the allegations included in Paragraph 37.

///

///

## SECOND CAUSE OF ACTION

**(Fourth Amendment - Unlawful Detention/Arrest under 42 U.S.C. Section 1983)**

38. County Defendants refer to and incorporate by reference each and every response set forth above in paragraphs 1-37.

39. County Defendants deny the allegations included in Paragraph 39.

40. County Defendants deny the allegations included in Paragraph 40.

41. County Defendants deny the allegations included in Paragraph 41.

42. County Defendants deny the allegations included in Paragraph 42.

43. County Defendants deny the allegations included in Paragraph 43.

44. County Defendants deny the allegations included in Paragraph 44.

## THIRD CAUSE OF ACTION

**(Violation of the Bane Act (Cal. Civ. Code §52.1)**

45. County Defendants refer to and incorporate by reference each and every response set forth above in paragraphs 1-44.

46. The allegations in paragraph 46 contain legal conclusions to which no answer is required.

47. County Defendants deny the allegations included in Paragraph 47.

48. County Defendants deny the allegations included in Paragraph 48.

49. County Defendants deny the allegations included in Paragraph 49.

50. County Defendants deny the allegations included in Paragraph 50.

51. The allegations in paragraph 51 contain legal conclusions to which no answer is required.

To the extent an answer is required, County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations included in Paragraph 51, and on that basis denies them.

52. County Defendants deny the allegations included in Paragraph 52.

/ / /

/ / /

**FIFTH CAUSE OF ACTION [sic]**

**(Battery - Violation of California Penal Code §242)**

53. County Defendants refer to and incorporate by reference each and every response set forth above in paragraphs 1-52.

54. County Defendants deny the allegations contained in paragraph 54.

55. County Defendants deny the allegations contained in paragraph 55.

56. The allegations in paragraph 56 contain legal conclusions to which no answer is required.

To the extent an answer is required, County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations included in Paragraph 56, and on that basis denies them.

57. County Defendants deny the allegations contained in paragraph 5.

**SIXTH CAUSE OF ACTION [sic]**

**(False Imprisonment/Illegal Detention)**

58. County Defendants refer to and incorporate by reference each and every response set forth above in paragraphs 1-57.

59. County Defendants deny the allegations contained in paragraph 59.

60. County Defendants deny the allegations contained in paragraph 60.

61. The allegations in paragraph 61 contain legal conclusions to which no answer is required.

To the extent an answer is required, County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations included in Paragraph 61, and on that basis denies them.

**SEVENTH CAUSE OF ACTION [sic]**

**(False Arrest)**

62. County Defendants refer to and incorporate by reference each and every response set forth above in paragraphs 1-61.

63. County Defendants deny the allegations contained in paragraph 63.

64. County Defendants deny the allegations contained in paragraph 64.

65. The allegations in paragraph 65 contain legal conclusions to which no answer is required.

To the extent an answer is required, County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations included in Paragraph 65, and on that basis denies them.

## JURY DEMAND

66. The allegations contained in paragraph 66 are legal conclusions to which no answer is required.

## PRAYER

County Defendants pray that Plaintiffs take nothing by reason of their Complaint, and that County Defendants recover judgment for costs of suit, attorney's fees and for such other relief as the Court deems just and proper. County Defendants deny that Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

AS AND FOR A FIRST AND SEPARATE AFFIRMATIVE DEFENSE, Plaintiffs' Complaint and each claim therein alleged fails to state facts sufficient to constitute a claim against County Defendants.

AS AND FOR A SECOND AND SEPARATE AFFIRMATIVE DEFENSE, Defendant County of Kings cannot be held liable under 42 U.S.C. section 1983 on a theory of respondeat superior.

AS AND FOR A THIRD AND SEPARATE AFFIRMATIVE DEFENSE, at all times and places referred to in the Complaint, Defendants Lopes, Bursiaga, Dobbins, Steadman, and Hunt are entitled to good faith qualified immunity in that they reasonably believed their actions were constitutional.

AS AND FOR A FOURTH AND SEPARATE AFFIRMATIVE DEFENSE, County Defendants allege that Plaintiffs' causes of action are barred by the statute of limitations.

AS AND FOR A FIFTH AND SEPARATE AFFIRMATIVE DEFENSE, County Defendants allege that at all times and places referred to in the Complaint and the claims therein alleged, Plaintiffs' failed to mitigate and or minimize their damages, if any.

AS AND FOR A SIXTH AND SEPARATE AFFIRMATIVE DEFENSE, County Defendants allege that the Complaint does not state facts sufficient to constitute a cause of action for punitive damages against Defendant Deputies.

AS AND FOR A SEVENTH AND SEPARATE AFFIRMATIVE DEFENSE, Plaintiffs have failed to comply with the claim presentation requirements as outlined in the Government Tort Claims Act.

AS AND FOR AN EIGHTH AND SEPARATE AFFIRMATIVE DEFENSE, the injuries and damages complained of by Plaintiffs were directly and proximately caused and contributed by the actions of persons other than County Defendants. As such, damages recoverable by Plaintiffs, if any, must be diminished in proportion to fault attributed to said other persons.

AS AND FOR A NINTH AND SEPARATE AFFIRMATIVE DEFENSE, Plaintiffs voluntarily and knowingly entered into and engaged in the acts and conduct alleged in the Complaint and voluntarily and knowingly assumed all the risks incident to said acts and conduct.

AS AND FOR A TENTH AND SEPARATE AFFIRMATIVE DEFENSE, in the event County Defendants are found liable to Plaintiff(s), County Defendants are responsible for Plaintiff(s)' damages according to each defendant's percentage of fault pursuant to Civil Code § 1431.2.

AS AND FOR AN ELEVENTH AND SEPARATE AFFIRMATIVE DEFENSE, the injuries and damages complained of by Plaintiffs were proximately caused by the superseding and intervening acts of third parties other than these answering defendants.

AS AND FOR A TWELFTH AND SEPARATE AFFIRMATIVE DEFENSE, the acts of County Defendants which allegedly cause the injuries complained of were the result of the exercise of discretionary authority, therefore County Defendants are not liable to Plaintiffs for their damages, if any, pursuant to Government Code §§ 820.2 and 815, et. seq.

AS AND FOR A THIRTEENTH AND SEPARATE AFFIRMATIVE DEFENSE, the actions of the individual defendants were reasonable and justified pursuant to Penal Code §§ 835 and 835(a).

AS AND FOR A FOURTEENTH AND SEPARATE AFFIRMATIVE DEFENSE, County Defendants are immune from liability pursuant to Government Code § 821.6.

/ / /

AS AND FOR A FIFTEENTH AND SEPARATE AFFIRMATIVE DEFENSE, the individual County Defendants are entitled to any defenses that would be available to them if they were a private person pursuant to Government Code § 820.

AS AND FOR A SIXTEENTH AND SEPARATE AFFIRMATIVE DEFENSE, County Defendants cannot be liable for any act or omission, exercising due care, in the execution of enforcement of any law pursuant to Government Code § 820.4

AS AND FOR A SEVENTEENTH AND SEPARATE AFFIRMATIVE DEFENSE, County Defendants have insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. County Defendants reserve the right to amend its answer to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

**DEMAND FOR JURY TRIAL**

County Defendants hereby demand a jury trial for all triable issues.

DATE: June 4, 2021

                              WEAKLEY & ARENDT
                              A Professional Corporation

                By:    /s/ James J. Arendt
                         James J. Arendt
                         Ashley N. Reyes
                         Attorneys for Defendants