1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| BLANCA MENDOZA, et al., | Case No.  1:21-cv-00721-JLT-BAM |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND CASE SCHEDULE TO FILE THEIR SECOND AMENDED COMPLAINT** |
| v. | |
| COUNTY OF KINGS, et al., | |
| Defendants. | (Doc. 71) |

Currently pending before the Court is the motion of Plaintiffs Blanca Mendoza and B.M., a minor by and through his guardian ad litem Jessica Garcia, for leave to modify the Scheduling Conference Order to file a Second Amended Complaint.  (Doc. 71.)  On August 30, 2023, Defendants Fabien Avalos and Alfred Rivera filed an opposition to the motion, (Doc. 73), and Defendants County of Kings, Taylor Lopes, Blake Bursiaga, Tim Steadman, Cory Dobbins, and Nate Hunt (collectively "Kings County Defendants") filed a statement of non-opposition to the motion,  (Doc. 74).  Plaintiffs filed a reply on September 8, 2023.  (Doc. 75.)  The motion was submitted on the papers.  (Doc. 72.)

Having considered the parties' briefs, along with the entire record in this case, Plaintiffs' motion will be granted pursuant to Federal Rules of Civil Procedure 16(b)(4) and 15(a).

///

///

1

1

**BACKGROUND**

2

On May 3, 2021, Plaintiffs initiated this civil rights action under 42 U.S.C. § 1983,

3

alleging excessive force and unlawful detention/arrest under the Fourth Amendment, along with

4

state law violations.  Plaintiffs filed a First Amended Complaint on October 12, 2021.  (Doc. 23.)

5

On July 21, 2023, the Court issued a Scheduling Conference Order.  (Doc. 58.)  Among

6

other deadlines, that order set the deadline for amendment of the pleadings as December 1, 2022,

7

and the non-expert discovery deadline as April 28, 2023.  (*Id.*)  Following its issuance, the

8

Scheduling Conference Order was modified multiple times by stipulation of the parties to extend

9

the deadlines for non-expert and expert discovery.  (*See* Docs. 62, 65, 70.)  On July 28, 2023,

10

under the most recent modification of the Scheduling Conference Order, the Court extended the

11

non-expert discovery deadline for the limited purpose of completing the depositions of Jesse

12

Mendoza, Defendant Lopes, and third-party witness Trent Augustus.  (Doc. 70.)  Based on the

13

current deadlines, the expert discovery cutoff is December 30, 2023, the dispositive motion

14

deadline is January 15, 2024, and trial is set for August 20, 2024.  (Doc. 65.)

15

On August 16, 2023, Plaintiffs filed the instant motion for leave to amend the Scheduling

16

Conference Order to file a Second Amended Complaint.  By the proposed amendment to their

17

complaint, Plaintiffs seek to add Dakotah Fausnett as a defendant, to remove all other individual

18

defendants except Dakotah Fausnett, and Defendants Fabian Avalos and Alfred Rivera, and to

19

update the factual allegations with information learned during non-expert discovery.  (Doc. 71.)

20

As background, Plaintiffs explain that on April 13, 2023, Defendant Kings County disclosed

21

previously unknown body-worn camera video of the incident at issue.  Since that time, Plaintiffs

22

worked to identify the law enforcement officers who can be seen to use alleged force in the

23

camera video.  (Doc. 71-1, Declaration of Ty Clarke ("Clarke Decl"), at ¶ 2.)  On July 17, 2023,

24

Defendant Avalos, during his deposition, identified Dakotah Fausnett—a Kings County Sheriff's

25

Deputy—as one of the officers who allegedly used force in the incident, but testified that he could

26

not say for sure that it was Deputy Fausnett.  (Doc. 71-2, Fabian Avalos' Depo., Ex. 1 to Clarke

27

Decl., at 54:3-19.)  Thereafter, Plaintiffs began working to confirm that Deputy Fausnett was one

28

of the officers alleged to use force.  Plaintiffs took Deputy Fausnett's deposition on July 27, 2023,

and confirmed for the first time that Dakotah Fausnett "is the officer who can be seen striking plaintiff Brian Mendoza on the body-worn camera." (Doc. 71-3, Dakotah Fausnett Depo., Ex. 2 to Clarke Decl., at 36:6-11)  Deputy Fausnett also testified that he had written a report on his use of force but had been unable to locate it. (*Id.* at 34:10-24).  Plaintiffs now request modification of the Scheduling Conference Order to allow for the filing of a Second Amended Complaint.

On August 30, 2023, Defendants Avalos and Rivera opposed the motion, arguing that Plaintiffs unduly delayed in pursuing their clams for relief, the request is made in bad faith in order to conduct discovery after the non-expert discovery deadline, and defendants will be prejudiced if leave to amend is granted.  (Doc. 73.)

On August 30, 2023, Kings County Defendants filed a statement of non-opposition to the motion, asserting that amendment of the complaint will streamline the case and will not impact any of the current dates.  Kings County Defendants indicate that they were unaware of Deputy Fausnett's involvement in the subject incident until body-worn camera video in the possession of the Corcoran Police Department was disclosed to counsel for the Kings County Defendants. (Doc. 74 at p. 2.)

In addition to their non-opposition, Kings County Defendants note that the proposed Second Amended Complaint mistakenly alleges that Defendants Avalos and Rivera were employed by the County of Kings.  Plaintiffs and the Kings County Defendants reportedly have stipulated that Plaintiffs will modify those allegations in the proposed Second Amended Complaint to clarify that Defendants Avalos and Rivera work for the City of Hanford.  (*Id.* at p. 3.)

On September 8, 2023, Plaintiffs filed a reply, clarifying that they do not seek to re-open discovery.  Rather, they only seek to amend the scheduling order so that the amended complaint can be filed. ( Doc. 75.)

## LEGAL STANDARDS

### A.  Federal Rule of Civil Procedure 16

Plaintiffs' request to amend comes after expiration of the relevant Scheduling Conference Order deadline for amendment to the pleadings.  The Court therefore must apply the standard for

3

amending a scheduling order under Federal Rule of Civil Procedure 16. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (finding district court correctly addressed motion for leave to amend under Rule 16 because it had issued a pretrial scheduling order that established a timetable for amending the pleadings and the motion was filed after the deadline had expired); *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. June 16, 1999) ("[O]nce the district court has filed a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a).").

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992), and are "the heart of case management," *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986).  Indeed, a scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Maine 1985)). Accordingly, pursuant to Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Green Aire for Air Conditioning W.L.L. v. Salem*, No. 1:18-cv-00873-LJO-SKO, 2020 WL 58279, at *3 (E.D. Cal. Jan. 6, 2020) ("Requests to modify a scheduling order are governed by Rule 16(b)(4) of the Federal Rules of Civil Procedure, which provides that a court may modify a scheduling order 'only for good cause.'"). As the Ninth Circuit has explained,

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with the scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.

*Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).

1    The party seeking to modify a scheduling order bears the burden of demonstrating good

2    cause. *Handel v. Rhoe*, No. 14-cv-1930-BAS(JMA), 2015 WL 6127271, at *2 (S.D. Cal. Oct. 16,

3    2015) (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson*, 975

4    F.2d at 608-609).   The Court may modify the scheduling order "if it cannot reasonably be met

5    despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609.  If the party

6    was not diligent, then the inquiry should end. *Id.*  If, however, there is good cause to modify the

7    scheduling order pursuant to Rule 16(b), the Court will then turn to Rule 15(a) to determine

8    whether the movant's requested amendment to the pleading should be granted. *Ramos v. FCA US*

9    *LLC*, No. 1:17-CV-00973, 2019 WL 2106172, at *5 (citing *Jackson*, 186 F.R.D. at 607).

10       **B.  Federal Rule of Civil Procedure 15(a)**

11       Rule 15(a) provides that a court "should freely give leave [to amend] when justice so

12    requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has stated:

13       [i]n the absence of any apparent or declared reason—such as undue delay, bad
         faith or dilatory motive on the part of the movant, repeated failure to cure
14       deficiencies by amendments previously allowed, undue prejudice to the opposing
         party by virtue of allowance of the amendment, futility of amendment, etc. —the
15       leave sought should, as the rules require, be "freely given."

16    *Foman v. Davis*, 371 U.S. 178, 182 (1962). The intent of the rule is to "facilitate decision on the

17    merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*,

18    649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to

19    pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979

20    (9th Cir. 1981).

21       Courts consider five factors in determining whether justice requires allowing amendment

22    under Rule 15(a): "bad faith, undue delay, prejudice to the opposing party, futility of amendment,

23    and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d

24    1067, 1077 (9th Cir. 2004) (citation omitted); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.

25    1995) (citing *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991)).

26    These factors are not of equal weight as prejudice to the opposing party has long been held to be

27    the most critical factor in determining whether to grant leave to amend. *Eminence Capital, LLC v.*

28    *Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the

1  consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v.*
2  *Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the opposing party is the
3  most important factor."). Absent prejudice, or a strong showing of any of the remaining factors, a
4  presumption exists under Rule 15(a) in favor of granting leave to amend. *Eminence Capital*, 316
5  F.3d at 1052.

6  **DISCUSSION**

7       As indicated, Plaintiffs' request to amend the complaint comes after expiration of the
8  relevant deadline for amendment of the pleadings set forth in the Scheduling Conference Order.
9  Plaintiffs are therefore required to demonstrate good cause to modify the Scheduling Conference
10  Order.  *See Coleman*, 232 F.3d at 1294–95; *Johnson*, 974 F.2d at 609. Accordingly, the Court
11  examines Plaintiffs' diligence to determine whether amendment of the Scheduling Conference
12  Order is proper. *Phillips-Kerley v. City of Fresno*, No. 1:18-cv-00438-AWI-BAM, 2021 WL
13  1966387, at *3 (E.D. Cal. May 17, 2021).

14       In determining diligence, the Court can inquire into (1) whether the movant was diligent
15  in aiding the Court in creating a scheduling order, (2) whether matters that were not, and could
16  not be foreseeable at the time the scheduling order was entered caused the need to amend, and (3)
17  whether the movant was diligent in attempting to amend the scheduling order once the need to
18  amend became apparent. *Gonzalez v. Jones*, No. 2:15-cv-2448-TLN-KJN, 2020 WL 9144005, at
19  *2 (E.D. Cal. April 13, 2020) (citation omitted).

20       Here, the Court finds good cause to allow for modification of the Scheduling Conference
21  Order.  Plaintiffs aided the Court in creating a scheduling order, by participating in the filing of a
22  Joint Scheduling Report and in a Scheduling Conference with the Court.  (Docs. 53, 56, and 57.)
23  As to the need to amend, Plaintiffs and the Kings County Defendants make clear that Deputy
24  Fausnett's participation in the subject incident was unknown until the production of the body-
25  worn camera video in April 2023, well after the Scheduling Conference Order was entered.  And,
26  once Deputy Fausnett's participation was confirmed through his deposition on July 27, 2023,
27  Plaintiffs filed the instant motion for modification and amendment less than three weeks later.
28  Based on this record, and the timing of events, Plaintiffs appear diligent in seeking leave to

modify the Scheduling Conference Order and to amend the complaint.  Moreover, Defendants Avalos and Rivera, in opposing the motion, do not mention the Rule 16 standard to argue lack of diligence.  Accordingly, the Court finds that Plaintiffs have demonstrated good cause to amend the Scheduling Conference Order under Rule 16(b).

The Court now turns to Rule 15(a) to determine whether Plaintiffs' requested amendment to the complaint should be granted. *Hood v. Hartford Life & Acc. Ins. Co.*, 567 F. Supp. 2d 1221, 1224 (E.D. Cal. 2008)  ("Only after the moving party has demonstrated diligence under Rule 16 does the court apply the standard under Rule 15 to determine whether the amendment was proper.").  Under Rule 15(a), leave to amend need not be granted when the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile.  *See Pizana v. SanMedica Int'l LLC*, No. 1:18-cv-00644-DAD-SKO, ---F.R.D.---, 2022 WL 1241098, at *5 (E.D. Cal. Apr. 27, 2022).  Defendants Avalos and Rivera argue that leave to amend is not warranted because of undue delay, bad faith, and prejudice.  (Doc. 73.)  The Court therefore limits its analysis to these factors.

Undue Delay

In evaluating undue delay, the Court considers "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1388. Additionally, the Court examines whether "permitting an amendment would ... produce an undue delay in the litigation." *Id.* at 1387.

Defendants Avalos and Rivera contend that Plaintiffs had ample time and opportunity to discover the names of the parties directly involved in the alleged incident and their role in the alleged excessive force.  Defendants Avalos and Rivera report that Plaintiffs continued the depositions of the defendant officers and twice extended the non-expert discovery cutoff. Defendants suggest that absent these continuances, Plaintiffs would not have had to wait until after discovery is closed to request amendment.  (Doc. 73 at p. 4.)  Defendants also contend that the proposed amended complaint "changes the factual allegations against already named Defendants Avalos and Rivera," but Plaintiffs were "aware of the facts surrounding the subject incident and Defendants Avalos and Rivera's involvement in the arrest." (*Id.*)  In particular,

1   Defendants Avalos and Rivera complain that the proposed allegations against Defendant Rivera,

2   to the extent they are based on the body-worn camera video, were known since April 13, 2023,

3   and amendment four months later is unreasonable delay.  As to the proposed allegations against

4   Defendant Avalos, they contend that Plaintiffs should have known of these allegations since the

5   outset of the case.  Defendants Avalos and Rivera also suggest that the proposed amendment

6   serves to take the place of Plaintiff Blanca Mendoza's own trial testimony.  To that end,

7   Defendants explain that Plaintiff Blanca Mendoza was unable to be deposed on more than a

8   couple of questions and she has now stipulated that she will not testify at trial.  Defendants posit

9   that by the proposed amendment, "Plaintiffs are attempting to include allegations of Plaintiff

10  Blanca Mendoza that Defendants were never able to question her on."  (*Id.* at p. 5.)

11       Plaintiffs respond that that they moved swiftly upon learning that Deputy Dakotah

12  Fausnett was one of the officers captured on the body-worn camera footage and filed the instant

13  motion within weeks of Deputy Fausnett's deposition.  Plaintiffs further respond that although

14  they received the camera footage on April 13, 2023, they had to take numerous depositions over

15  several months to identify the officers on the video, and they "did not know that it was Defendant

16  Rivera who was [allegedly] kicking Plaintiff Brian Mendoza until well after April 13, 2023."

17  (Doc. 75 at p. 3.)

18       As discussed above in the Rule 16 analysis, Plaintiffs were not aware of the involvement

19  of Deputy Fausnett until his deposition on July 27, 2023, and it appears they were only able to

20  confirm the identity the involved officers captured on the video though depositions taken after

21  receipt of the video in April 2023.  Even if the Court were to find that Plaintiffs knew or should

22  have known of the facts raised by the proposed amendment at the outset of this action and that

23  Plaintiffs' delay was therefore substantial, that factor alone would not be sufficient ground for

24  denial of leave to amend. *E.g.*, *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981) (noting

25  that "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend").

26  Indeed, the Ninth Circuit has been clear that "delay, by itself, is insufficient to justify denial of

27  leave to amend." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). The Court

28  therefore finds that this factor alone does not weigh against amendment.

<u>Bad Faith</u>

A motion to amend is made in bad faith when there is evidence of a wrongful motive. *See DCD Programs*, 833 F.2d at 187 ("Since there is no evidence in the record which would indicate a wrongful motive, there is no cause to uphold the denial of leave to amend on the basis of bad faith"); *Trujillo v. SSSC, Inc.*, No. 1:21-cv-01691-ADA-BAM, 2023 WL 346801, at *3 (E.D. Cal. Jan. 20, 2023) (finding nothing to suggest motion to amend made in bad faith in the absence of evidence of any wrongful motive); *Pizana*, 2022 WL 1241098, at *10 (finding no bad faith in absence of evidence of any wrongful motive).

Defendants Avalos and Rivera contend that Plaintiffs' attempt to seek leave to amend this late in the litigation is indicia of bad faith. According to Defendants Avalos and Rivera, "Plaintiffs clearly desire to conduct additional discovery but failed to do so prior to the cutoff and are using a Motion to Amend as a way around the Court's Scheduling Order and the already passed discovery cutoff. " (Doc. 73 at p. 6.) Defendants contend that Plaintiffs were in the possession of all the information necessary to assert their claims much earlier in the litigation and a request to amend now only serves to re-open discovery against Defendants Avalos and Rivera, which shows Plaintiffs are acting in bad faith.

The Court does not find evidence of bad faith or wrongful motive. Contrary to the assertions of Defendants Avalos and Rivera, Plaintiffs are not attempting to reopen discovery. Rather, Plaintiffs are seeking modification of the Scheduling Conference Order for the limited purpose of amending their complaint to name the proper defendants involved in the subject incident, dismiss unnecessary defendants, and otherwise streamline this action. As discussed above, Plaintiffs received the body-worn camera video in April 2023, and were only able to confirm Deputy Fausnett's involvement in July 2023, shortly before filing this motion. There is nothing to suggest that Plaintiffs are attempting to extend discovery or otherwise continue the dispositive motion deadline or trial. Absent evidence of a wrongful motive, this factor does not weigh against granting leave to amend.

<u>Prejudice</u>

Undue prejudice to the opposing party is the most important factor in deciding whether

1   leave to amend should be granted. *Eminence Capita*l, LLC, 316 F.3d at 1052 ("As this circuit and

2   others have held, it is the consideration of prejudice to the opposing party that carries the greatest

3   weight."). "'Undue prejudice' means substantial prejudice or substantial negative effect." *SAES*

4   *Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (quoting *Morongo*

5   *Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). The Ninth Circuit has

6   found such "substantial prejudice where the claims sought to be added 'would have greatly

7   altered the nature of the litigation and would have required defendants to have undertaken, at a

8   late hour, an entirely new course of defense.'" *Id.*

9           Defendants Avalos and Rivera argue that the filing of a Second Amended Complaint will

10   be "substantially prejudicial because it will: (1) require more than a brief extension for the

11   discovery deadline, dispositive motion deadline, and trial date; (2) require Defendants to

12   redevelop a revised litigation strategy; and (3) increase future litigation expenses for Defendants."

13   (Doc. 73 at p. 7.)  Defendants Avalos and Rivera believe that allowing amendment will cause

14   prejudice by subjecting them to additional discovery and preventing them from cross-examining

15   Plaintiff Blanca Mendoza on the added allegations.  (*Id.*)

16           Plaintiffs counter that they are not seeking additional discovery or further changes to the

17   Scheduling Conference Order.  Plaintiffs do not believe that the amendment will require

18   Defendants Avalos and Rivera to alter their litigation strategy as Plaintiffs have continually

19   alleged that Defendants Avalos and Rivera employed excessive force.  Finally, Plaintiffs contend

20   that the assertion of future litigation costs is unconvincing given that Plaintiffs are not seeking to

21   reopen discovery and the amended complaint will not require a change in litigation strategy.

22           The Court does not find undue or substantial prejudice in permitting the proposed

23   amendment.  Plaintiffs have not requested reopening of discovery or additional modification of

24   the Scheduling Conference Order.  Although Defendants Avalos and Rivera vaguely assert that

25   they will be subjected to additional discovery and additional litigation costs, they have not

26   explained how the proposed amendments will result in either additional discovery or costs.  They

27   also have not adequately explained how their litigation strategy will differ given that Plaintiffs

28   have continually alleged excessive force against them throughout the course of this litigation.  To

1   the extent Defendants Avalos and Rivera suggest that they will be unable to challenge any

2   allegations from Plaintiff Blanca Mendoza, there is no indication that Plaintiffs intend to file a

3   verified amended complaint or that Defendants Avalos and Rivera will be unable to challenge the

4   complaint's amended allegations by way of a dispositive motion.  The Court therefore concludes

5   that this factor does not weigh against granting leave to amend.

6                                          **CONCLUSION AND ORDER**

7          For the reasons explained above, IT IS HEREBY ORDERED as follows:

8          1.   Plaintiffs' motion to modify the Scheduling Conference Order and for leave to file a

9               Second Amended Complaint (Doc. 71) is GRANTED; and

10         2.   Within fourteen (14) days of the date of this order, Plaintiffs shall file their Second

11              Amended Complaint, consistent with this order and their stipulation to clarify that

12              Defendants Avalos and Rivera work for the City of Hanford.

13
14   IT IS SO ORDERED.

15      Dated:   __**October 11, 2023**__              ___/s/ *Barbara A. McAuliffe*___

16                                                  UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

11